### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil No. 05-3368 |
| ) | |
| ) | Criminal Nos. 01-20077-KHV |
| **DENNIS W. VAUGHAN III,** ) | 01-20111-CM |
| ) | |
| **Defendant.** ) | |
| _____) | |

### ORDER

On January 22, 2003, Dennis W. Vaughan, III, entered a plea of guilty to criminal contempt, conspiracy to commit wire fraud in violation of 81 U.S.C. §§ 371 and 1343 and engaging in monetary transactions in violation of 18 U.S.C. § 1957(a) and (2). The Court sentenced defendant to 84 months in prison and entered judgment on August 9, 2002. This matter comes before the Court on defendant's Motion To Vacate Sentence Pursuant To 28 U.S.C. § 2255 Due To Government's Breach Of The Plea Agreement (Doc. #104) filed September 9, 2005 and defendant's Motion For Evidentiary Hearing (Doc. #115) filed February 27, 2006.

On February 21, 2006, the Court ordered defendant to show cause in writing why it should not overrule his Section 2255 motion because he already raised and/or had the opportunity to raise his arguments on direct appeal to the Tenth Circuit. See Order To Show Cause (Doc.#114). In response to the show cause order, defendant asserts that because the Tenth Circuit did not reach the merits of his claim, he is not barred from bringing it under Section 2255. See Response To Order To Show Cause (Doc. #120) filed March 27, 2006. The relevant issue, however, is not whether the Tenth Circuit

addressed the merits of the claim, but whether defendant should have raised the matter on direct appeal. A defendant's failure to present an issue on direct appeal bars him from raising the issue in a Section 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or that a fundamental miscarriage of justice will occur if his claim is not addressed.  See United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993).

On direct appeal, the Tenth Circuit rejected defendant's claim that the government breached the plea agreement because nothing in the record supported the claim and defendant did not point to any other evidence which supported the claim.  See United States v. Vaughan, No. 02-3307, 119 Fed. Appx. 227, 232 (Dec. 21, 2004).  Defendant has not shown cause which excuses his failure to present evidence in support of his claim on direct appeal, or that a fundamental miscarriage of justice will occur if his claim is not addressed.  See Cook, 997 F.2d at 1320.  Accordingly, defendant's Section 2255 motion is procedurally barred.  See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (Section 2255 not available to test legality of matters which should have been raised on appeal).

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate Sentence Pursuant To 28 U.S.C. § 2255 Due To Government's Breach Of The Plea Agreement (Doc. #104) filed September 9, 2005 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion For Evidentiary Hearing (Doc. #115) filed February 27, 2006 be and hereby is **OVERRULED as moot.**

Dated this 3rd day of April, 2006 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge